NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2428
_____

SAMUEL PALMER,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-09-00820)
Honorable Juan R. Sanchez, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
December 17, 2010

BEFORE:  SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Filed: February 8, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

        This matter comes on before this Court on appeal from an order of the District

Court entered on April 1, 2010, adopting a report and recommendation of a magistrate

judge and overruling objections to the report and recommendation.  The magistrate judge

recommended that the District Court affirm the decision of the Commissioner of Social

Security denying appellant Samuel Palmer's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Although the District Court did not characterize its decision as granting the Commissioner summary judgment, inasmuch as the magistrate judge based his report and recommendation on the record compiled in the administrative proceedings, and the District Court made its determination on the basis of the record before the magistrate judge which included the administrative record, in effect the current appeal is from a summary judgment. The District Court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291.

In its opinion, the District Court indicated that even though it ordinarily would review objections to a magistrate judge's report and recommendation, in this case it had no need to do so as Palmer, when making his objections, simply rehashed the arguments that he had advanced before the magistrate judge. The Court indicated, however, that "out of an abundance of caution" it would "briefly address each of [Palmer's] objections."[1] App. at 86. In the circumstances, we will review both the opinion of the Court and the report and recommendation of the magistrate judge on a plenary basis. See Newell v. Comm'r, 347 F.3d 541, 545 (3d Cir. 2003). That review, in turn, requires us to review the Commissioner's decision made through the Administrative Law Judge (ALJ) and the Appeals Council, a process in which we determine if substantial evidence

---

[1] We do not need to consider whether a district court, when considering objections to a report and recommendation, can overrule the objections on the ground that they merely rehash arguments made before the magistrate judge because the District Court here did consider the objections on the merits.

supports the decision.  See 42 U.S.C. § 405(g); Smith v. Comm'r, No. 09-2983, 2010 WL 4720881, at *1, ____ F.3d ___ (3d Cir. Nov. 22, 2010); Johnson v. Comm'r, 529 F.3d 198, 200 (3d Cir. 2008).  In our consideration of the administrative record, we treat the Commissioner's findings as conclusive if they are supported by substantial evidence even if we might have come to a different result if we had considered the same evidence on a de novo basis.  See Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).  Of course, we do not determine if evidence is substantial merely by assessing its quantity.  Rather, we determine if a reasonable person viewing the evidence might accept it as adequate to support the conclusion that the Commissioner reached.  See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

After our consideration of the parties' contentions, the comprehensive report and recommendation of the magistrate judge, and the opinion of the District Court, and exercising the appropriate standards of review, we are in full accord with the result that the District Court reached and thus we will affirm its order entered April 1, 2010. Inasmuch as we cannot add anything substantial to the report and recommendation and the opinion, we do not write at length except on one point that neither the magistrate judge nor the District Court addressed.

The ALJ followed the well known five-step sequential evaluation process set forth in regulations at 20 C.F.R. §§ 404.1520 and 416.920 in determining Palmer's eligibility for the benefits he sought.  When the ALJ reached the last two steps of the process he determined that, although Palmer could not perform his past relevant work, there were

3

jobs that existed in significant numbers in the national economy that he could perform, a conclusion that the ALJ reached taking into account relevant vocational factors. In these findings the ALJ set forth the types of jobs that Palmer could perform. The ALJ's conclusion on the point required that he find that because Palmer could make that employment adjustment he was not disabled. See 42 U.S.C. § 423(d)(1)(A), (d)(2)(A); 20 C.F.R. §§ 404.1520(g), 416.920(g).

The issue that neither the District Court nor the magistrate judge addressed is a dispute between the parties with respect to the party with the burden of proof at step five of the sequential process. In this regard, Palmer contends that the Commissioner had the burden of proof but the Commissioner contends that, although he had the burden of production of evidence with respect to vocational factors at step five, Palmer had the burden of proof on step five if the Commissioner met the burden of production of evidence just as Palmer had the burden of proof on the rest of the steps in the sequential process.

In point of fact, we recently have indicated that the Commissioner has the burden of proof at step five. See Smith, 2010 WL 4720881, at *1; see also Poulos v. Comm'r, 474 F.3d 88, 92 (3d Cir. 2001). But our precedent on this point does not help Palmer because the ALJ made specific findings on the step-five issues and we see nothing in his opinion to suggest that, regardless of where the burden of proof lay on step five, his result would have been different. Thus, it would be a waste of resources for us to remand the case for further consideration of Palmer's eligibility at step five of the sequential process.

For the foregoing reasons we will affirm the order of April 1, 2010.